SO ORDERED.

SIGNED this 25 day of March, 2009.

_____
**J. Rich Leonard**
**United States Bankruptcy Judge**

_____

### UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF NORTH CAROLINA
### WILSON DIVISION

IN RE:

VILLAGE LANDING, LLC,

   Debtor.        CASE NO. 09-00855-8-JRL
               Chapter 7

_____

### ORDER

   This matter came before the court on an order for a status conference regarding the involuntary petition filed by Harold K. Jordan & Company, Inc. (the "Petitioner").  The court conducted a telephonic status conference on March 20, 2009.

   On February 4, 2009, the Petitioner filed an involuntary petition for Chapter 7 relief against the debtor.  The Petitioner asserted a claim based on an arbitration award and judgment in the amount of $544,184.06.  The debtor filed an answer to the involuntary petition on March 10, 2009.

   On July 3, 2007, the Petitioner filed a complaint in Wake County Superior Court alleging breach of contract against Shady Grove Development, LLC ("Shady Grove") and the debtor. The Superior Court entered an order on November 19, 2007 compelling arbitration between the parties.  Following arbitration, an award of damages in excess of $800,000.00 was rendered

against Shady Grove and the debtor.  On June 6, 2008, the Superior Court entered a judgment confirming the arbitrator's award.  On July 3, 2008, the debtor filed a Notice of Appeal from the judgment confirming the arbitration award and the order compelling arbitration.  The North Carolina Court of Appeals entered an order dismissing the appeal on December 9, 2008.

On March 9, 2009, the debtor filed a Petition for Writ of Certiorari with the North Carolina Supreme Court, as well as a Petition for Writ of Supersedeas and for Temporary Stay pursuant to Rules 23(b) and 23(e) of the North Carolina Rules of Appellate Procedure.  On March 10, 2009, the Clerk of the North Carolina Supreme Court issued a letter indicating that the debtor's Motion for Temporary Stay was allowed.  However, as of the date of the status conference, the North Carolina Supreme Court had yet to enter a written order.

## DISCUSSION

The debtor contends that the involuntary case is improperly before the court under § 303 of the Bankruptcy Code and requests that the case be dismissed.  Section 303 allows for the commencement of an involuntary case against the debtor by a holder of a claim "that is not contingent as to liability or the subject of a bona fide dispute . . . ."  11 U.S.C. § 303(b)(1)-(2).  In addition, if there are twelve or more holders of such claims against the debtor, at least three claimants are required to initiate the involuntary case.  Id. § 303(b)(1).  If the involuntary petition is timely controverted, the court will conduct a trial prior to issuing an order for relief.  Id. § 303(h).

First, the debtor contends that a bona fide dispute exists as a result of the North Carolina Supreme Court's order allowing the debtor's Motion for Temporary Stay.  Therefore, the debtor argues that the Petitioner is precluded from commencing the involuntary case.  In contrast, the Petitioner asserts that the effect of the order issued by the North Carolina Supreme Court was to

2

stay enforcement of the Court of Appeals order dismissing the debtor's appeal.  Thus, the Petitioner contends that its claim, based on the judgment of the Superior Court confirming the arbitration award against the debtor, is not the subject of a bona fide dispute.

Second, the debtor contends that the Petitioner may not commence an involuntary case on its own because there may be twelve or more holders of claims against the debtor.  At the status conference, the debtor represented that the total number of creditors was contingent upon litigation pending in state court.  As a result, the debtor was unable to definitively state whether it had twelve or more creditors.

Based on the foregoing and pursuant to § 303, the court will conduct a trial on the involuntary petition on April 16, 2009 at 10:00 a.m. in Raleigh, North Carolina.  The court authorizes the Petitioner to undertake limited discovery by interrogatories and requests for production of documents addressed solely to the issue of the number of creditors that existed on the date of the involuntary petition.  The debtor must respond to discovery within seven days of service.  In addition, interested parties are permitted to submit memoranda within two days of the date of trial on the legal issue of whether the stay by the North Carolina Supreme Court places the Wake County Superior Court judgment into a bona fide dispute and removes it as a qualifying debt for purposes of § 303.  Finally, the court notes that the debtor has requested a jury trial on the issues involved in the involuntary petition.  There is no statutory or constitutional right to a jury trial on these issues, and the court in its discretion declines to try this matter to a jury because of the limited nature of the factual disputes.  In re McNaughton, 171 B.R. 65 (W.D. Mo. 1994).

**END OF DOCUMENT**